IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KELLY WHITE**, Individually, as Administrator of the Estate of Dominique T. White, deceased, and as Next Friend minor grandchildren **TUW, JSW, JKW, NCW**, <br><br>           Plaintiffs, <br><br> vs. <br><br> **CITY OF TOPEKA, KANSAS; TOPEKA POLICE OFFICER MICHAEL CRUSE**, **OFFICER JUSTIN MACKEY** and **JOHN DOE OFFICERS 1-5**, <br>           Defendants. | <br><br><br><br><br><br><br><br> Case No. 18-cv-4050 |

## COMPLAINT

COMES NOW the Plaintiff, by and through their counsel, and for their causes of action against Defendants state as follows:

## INTRODUCTION

1. This is a Section 1983 Civil Rights action. On September 28, 2017, Dominique T. White, a 30 year-old African American man, was killed when Topeka Kansas police officers shot him without legal justification. When shot, Dominique T. White presented no threat to the Defendant Officers or to anyone else.

2. The unconstitutional policies and practices of the Topeka Police Department ("TPD") resulted in the death of Dominique T. White. The City of Topeka is therefore also liable for his death.

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction of these claims pursuant to the Civil

Rights Act, 42 U.S.C. § 1983 et seq; the Judicial Code, 18 U.S.C. §§ 1331 and 1343(a); and the 4th and 14th Amendments to the Constitution the United States.

4. The amount in controversy exceeds $75,000, exclusive of costs and interest.

5. Venue is proper in this District under 28 U.S.C. § 1391(b). The parties reside, or, at the time the events took place, resided in this judicial district, and the events giving rise to the plaintiff's claims occurred in this judicial district.

## PARTIES

6. Plaintiff Kelly White is a resident of Shawnee County, Kansas, the father of Dominique T. White and the Administrator of the Estate of Dominique White, deceased, which was filed in the Shawnee County District Court, Kansas, Case No. 2017-PR-000545.

7. Defendant City of Topeka, Kansas, (hereinafter "City") is a city and municipality organized under the laws of the State of Kansas. The City may be served with process at 215 SE 7th Street, Topeka, Kansas 66603. The City is responsible for the policies, practices and customs of its Police Department.

8. Defendant City of Topeka Officers Michael Cruse, Officer Justin Mackey and John Doe Officers 1-5 (hereinafter "Defendant Officers") are officers employed by the City of Topeka Police Department (hereinafter "Topeka Police Department"). As such, they were duly appointed agents authorized to enforce the laws of the City of Topeka and State of Kansas, and acted under the color of law and in the scope of their employment at all times relevant to this action. They may be served with process at Topeka Police Department, 320 S. Kansas, Suite 100, Topeka, Kansas 66603. They are sued in their individual capacities.

## FACTS

9.      On September 28, 2017 at approximately 9:20 a.m., Dominique T. White, a 30-year-old African American man was sitting at a picnic table in Ripley Park near 3rd and Lawrence in Topeka, Kansas with his girlfriend.

10.     At that time, Topeka Police Officers Justin Mackey and Michael Cruse, driving in separate patrol cars, left the roadway of the park and steered onto the grass, toward the picnic table where Dominique and his girlfriend were seated.

11.     As the patrol cars of Officer Mackey and Officer Cruse neared the picnic table, Dominique got up from the table and started to walk away.

12.     Driving in his patrol car, Officer Mackey followed Dominique, parked the car, existed it, then walked toward Dominique.

13.     Meanwhile, Officer Cruse had parked and exited his car to question Dominique's girlfriend.

14.     Shortly afterwards, both officers were in talking distance of Dominique.

15.     In response to the officers' commands, Dominique stopped walking and began speaking with the Officers.

16.     Dominique obeyed the officers' commands, including by lifting his shirt over his head and putting his arms straight out in front of him.

17.     The officers told Dominique he was not under arrest.

18.     In the moments after telling Dominique he was not under arrest, the officers began to grab Dominique's arms in an aggressive manner.

19.     Based on these aggressive actions by the officers and in fear of his safety,

Dominique began to run away from the officers.

20. Within a few seconds of Dominique's flight and without cause or provocation, Officers Michael Cruse and Justin Mackey each fired four shots at Dominique's back.

21. Three of the eight bullets hit Dominique in the back, piercing his lungs and heart, killing him.

22. Immediately after the shooting, the Topeka police officers on the scene failed to provide proper aid to Dominique as he lay bleeding on the ground.

23. Dominique lay there bleeding for at least thirteen minutes before paramedics arrived on the scene. Their attempts at providing medical care were futile and Dominique was pronounced dead a short time later.

24. When he was shot in the back, Dominique had a gun in his pants pocket. But Dominique did not brandish the gun or make any motions to reach towards the gun in his pocket at any time during his interaction with Officers Cruse and Mackey. Dominique did not make any threatening gestures or pose any threat to Officers Cruse or Mackey or the general public when he was shot in the back and killed.

25. Dominique T. White left as his sole heirs four minor boys, TUW, JSW, JKW and NCW.

**Count 1**
**42 U.S.C. § 1983 Claim for Excessive Force**
**(Against Individual Defendants)**

26. Plaintiffs Kelly White, as the Administrator of the Estate of Dominique T. White repeat and reallege the preceding paragraphs of this Complaint as if they were fully set out in this Count.

27.    The actions of the Defendant Officers alleged in this Complaint which resulted in the shooting of Dominique White without just cause violated Dominique T. White's rights under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable seizure, and his right to due process under the Fourteenth Amendment to the United States Constitution.

28.    The actions of the Defendant Officers as alleged in this Complaint were done maliciously, wantonly, or oppressively, with the intent to cause injury to Dominique T. White or in reckless disregard of the probability that they would cause injury to Dominique.

29.    The actions of the Defendant Officers alleged in this Complaint were the direct and proximate cause of the constitutional violations set forth above and of the Plaintiff's injuries.

## Count 2
## 42 U.S.C. § 1983 Monell Claim (Lack of Training)
## (Against City of Topeka)

30.    Plaintiffs repeat and reallege the preceding paragraphs of this Complaint as if they were fully set out in this Count.

31.    The actions of the Defendant Officers as alleged in this Complaint were done under the authority of one or more interrelated de facto policies, practices and/or customs of the City.

32.    The actions of the Defendant Officers as alleged in this Complaint were part and parcel of a widespread municipal policy, practice and custom.  This is further demonstrated by the involvement in, and ratification of, these acts by municipal supervisors and policy makers, including the Topeka City Manager, as well as by a wide range of police officials, including Topeka Police Chief.

5

33. At all relevant times, the employees, agents, and/or officers of the City were acting under color of state law.

34. At all relevant times, the employees, agents, and/or officers of the City were acting pursuant to an expressly-adopted official policy or longstanding practice or custom of the City and the Topeka Police Defendant.

35. The Topeka Police Department, including its agents, employees, and/or officers, together with other policymakers of the City maintained, *inter alia*, the following unconstitutional customs, practices, and/or policies:

   a. Providing inadequate training regarding the detention of suspects;

   b. Providing inadequate training regarding proper use of force;

   c. Providing inadequate training regarding the appropriate use of deadly force;

   d. Providing inadequate training regarding how to intervene to stop other officers from using excessive force in detaining suspects;

   e. Providing inadequate training regarding de-escalation techniques;

   f. Failure to implement and adhere to a use of force continuum consistent with generally accepted police practices and procedures.

36. The City had actual and/or constructive knowledge of the deficient policies, practices, and customs alleged above.

37. Situations involving detention of suspects; using force against detainees, including deadly force; intervening to prevent the use of excessive force against detainees by other officers; de-escalation during arrests; are all usual and commonly-occurring situations encountered by officers of the Topeka Police Department on a regular basis.

38. The City acted with deliberate indifference to the foreseeable effects and

consequences with these policies with respect to the Constitutional rights of Dominique T. White.

39.     As a direct and proximate result of the Constitutional violations caused by the employees, agents, and/or officers of the City and the Topeka Police Department, and other policymakers, Dominique T. White suffered violations of the Constitutional rights guaranteed to him by the Fourth and Fourteenth Amendments and suffered severe physical injuries and death.

40.     As a result of the acts and omissions of the individual defendant officers and the City, the Plaintiff Kelly White, Individually and as Administrator of the Estate of Dominique White, deceased, and as Next Friend for his Minor Grandchildren TUW, JSW, JKW, NCW is entitled to recover on his behalf all damages allowable for such constitutional violations, including compensatory damages, special damages, economic damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 U.S.C. §1988.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kelly White, Individually and as Administrator of the Estate of Dominique White, deceased, and as Next Friend for his Minor Grandchildren TUW, JSW, JKW, NCW, pray for damages in excess of $75,000 on each count, exclusive of interest, attorney fees and costs pursuant to 42 U.S.C. §1988 for each of the applicable claims, punitive damages, pre- and post-judgment interest on any damages awarded at the statutory rate, and for other and such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff respectfully requests that this matter be tried to a jury on all claims against the Defendants.

## **DESIGNATION OF PLACE OF TRIAL**

Plaintiff designates Topeka, Kansas as the place of trial in this matter.

                    Respectfully submitted,

                    Conlee, Schmidt & Emerson, LLP

                    /s/Rick E. Bailey
                    Rick E. Bailey, KS # 11583
                    200 W. Douglas, Ste. 300
                    Wichita, Kansas 67202
                    (316) 264-3300
                    (316) 264-3423 (Fax)
                    rbailey@fcse.net

                    /s/Andrew M. Stroth
                    Andrew M. Stroth (Pro Hac Vice Pending)
                    Carlton Odim (Pro Hac Vice Pending)
                    Action Injury Law Group, LLC
                    191 North Wacker Drive
                    Suite 2300
                    Chicago, IL 60606
                    (312) 735-4045
                    (312) 641-6866 (Fax)
                    astroth@actioninjurylawgroup.com
                    carlton@actioninjurylawgroup.com