IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KELLY WHITE, individually, as administrator
of the estate of Dominique T. White, deceased,
and as next friend of minor grandchildren
TUW, JSW, JKW, and NCW,

                Plaintiff,

v.                                                           Case No. 18-4050-DDC

CITY OF TOPEKA, KANSAS, et al.,

                Defendants.

## **ORDER**

The plaintiff, Kelly White, brings this Section 1983 action against Michael Cruse, Justin Mackey, and the City of Topeka, Kansas, alleging constitutional violations arising out of the shooting death of his son, Dominique T. White. Defendants Cruse and Mackey have filed a motion to stay discovery (ECF No. 17), predicated on their intent to file an early motion for summary judgment asserting qualified immunity. Plaintiff opposes defendants' motion to stay, largely based on his expectation that discovery will be required before he can respond to the anticipated summary-judgment motion. Plaintiff further asserts there's no basis to stay discovery related to his claim against the City. For the reasons set forth below, defendants' motion to stay is granted.

"The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials 'a right, not merely to avoid standing trial, but also to avoid the

1

burdens of such pretrial matters as discovery.'"[1] "[B]ecause qualified immunity protects against the burdens of discovery as well as trial, a district court may stay discovery upon the filing of a dispositive motion based on qualified immunity."[2] There are, however, limited occasions in which "narrowly tailored" discovery may be permitted if necessary to enable a district court to decide a qualified-immunity question raised by a motion.[3]

The undersigned finds that the issue of whether (and to what extent) discovery is necessary for plaintiff to oppose defendants' summary-judgment motion will be more efficiently addressed under Fed. R. Civ. P. 56(d) by the presiding U.S. District Judge, Daniel D. Crabtree, <u>after</u> defendants have filed their anticipated dispositive motion. The scheduling-order deadline for defendants to file their early motion for summary judgment based on qualified immunity is December 28, 2018 (ECF No. 19). In light of the qualified-immunity defenses asserted and the fast-approaching dispositive-motion deadline, the court finds good cause to stay discovery pending Judge Crabtree's resolution of any Rule 56(d) request by plaintiff.

Additionally, given the overlapping facts supporting plaintiff's claims against each of the defendants in this case, the court concludes the potential burden and prejudice

---

[1] *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

[2] *Stonecipher v. Valles*, 759 F.3d 1134, 1148 (10th Cir. 2014).

[3] *Id.* at 1149.

resulting from bifurcated discovery outweigh any potential benefit. Accordingly, discovery shall be stayed as to all defendants.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED:

1. Defendants' motion to stay discovery (ECF No. 17) is granted.

2. All pretrial proceedings in this case, including discovery, are stayed until further order of the court.

3. The parties shall confer and submit an updated Rule 26(f) planning meeting report to the undersigned's chambers within 2 business days of any ruling by Judge Crabtree deferring or denying defendants' early summary-judgment motion.

Dated December 13, 2018, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge