IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KELLY WHITE, Individually, as Co-Administrator of the Estate of Dominique T. White, deceased, and as Next Friend of minor grandchildren TUW, JSW, JKW, NCW, and MARY THERESA WYNNE, as Co-Administrator of the Estate of Dominique T. White,<br><br>  Plaintiffs,<br><br>v.<br><br>CITY OF TOPEKA, MICHAEL CRUSE, JUSTIN MACKEY, and JOHN DOE OFFICERS #1-5,<br><br>  Defendants. | Case No. 18-4050-DDC-JPO |

### MEMORANDUM AND ORDER

On July 31, 2019, plaintiff filed an Amended Complaint. Doc. 43. The Amended Complaint added a plaintiff to the lawsuit—Mary Theresa Wynne, as a Co-Administrator of the Estate of Dominique T. White. But otherwise, the amended pleading does not change the substance of the claims plaintiff Kelly White, as another Co-Administrator of the Estate of Dominique T. White, had asserted in the original Complaint. Nevertheless, "it is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (citation and internal quotation marks omitted); *see also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476 (3d ed. 2010) ("A pleading that has been amended

. . . supersedes the pleading it modifies . . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . .").

Thus, any motion directed at the original complaint is rendered moot by the filing of an amended complaint. *See Mochama v. Zwetow*, No. 14-2121-KHV, 2015 WL 3843247, at *2 (D. Kan. June 22, 2015) (denying as moot motions for summary judgment directed at plaintiff's second amended complaint because plaintiff had filed a third amended complaint after securing the court's leave to do so); *see also Camick v. Holladay*, No. 17-1110-EFM-GEB, 2018 WL 1523099, at *4 (D. Kan. Mar. 28, 2018) (denying as moot motions directed at the original complaint because plaintiff's amended complaint rendered the original complaint "a moot and inoperative pleading"); *Capital Sols., LLC v. Konica Minolta Bus. Sols. USA, Inc.*, No. 08-2027-JWL, 2008 WL 1901396, at *1 (D. Kan. Apr. 25, 2008) (holding that a motion to dismiss directed at the original complaint "was rendered moot when [plaintiff] filed its amended complaint").

Defendants' Motion for Summary Judgment (Doc. 26) on qualified immunity grounds is directed at the claims plaintiff Kelly White asserted against them in the original Complaint, so that motion now is moot. The court thus denies defendants' Motion for Summary Judgment as moot but without prejudice to defendants filing a renewed Motion for Summary Judgment directed to plaintiffs' Amended Complaint.

Previously, the court issued an Order delaying a ruling on defendants' Motion for Summary Judgment based on qualified immunity. *See* Doc. 35. The Order granted in part plaintiff Kelly White's request for additional discovery, and it ordered plaintiff to complete certain, limited discovery within 120 days. *See id.* at 13. The Order also directed defendants to file a supplement to their Memorandum in Support of Summary Judgment within 14 days after

the close of the 120-day, limited-discovery period.  *Id.*  And the Order directed plaintiff to file a supplement responding to the Motion for Summary Judgment 21 days from the earlier of the expiration of the 14-day supplementation period or defendants filing a supplement to respond to the Motion for Summary Judgment.  *Id.*

Now that the Amended Complaint has rendered defendants' Motion for Summary Judgment moot, the court orders defendants either:  (1) to file any renewed Motion for Summary Judgment on qualified immunity within 14 days after the close of the 120-day, limited-discovery period; or (2) to file a Notice stating that they currently do not plan to seek summary judgment against plaintiffs' claims on qualified immunity grounds.  This Notice, if one is filed, will <u>not</u> waive the defense of qualified immunity.  Instead, it simply will advise the court that the case is ready for additional case management initiatives.  If defendants file a renewed Motion for Summary Judgment, plaintiffs must submit a Response to defendants' renewed motion within 21 days of defendants' filing of the renewed summary judgment motion, as required by D. Kan. Rule 6.1(d)(2).  And defendants may submit a Reply within 14 days of plaintiffs' Response.  D. Kan. Rule 6.1(d)(2).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion for Summary Judgment (Doc. 26) is denied without prejudice as moot.

**IT IS FURTHER ORDERED THAT** defendants either:  (1) must file any renewed Motion for Summary Judgment on qualified immunity within 14 days after the close of the 120-day, limited-discovery period; or (2) must file a Notice stating that they no longer seek summary judgment against plaintiffs' claims on qualified immunity grounds.  If defendants file a renewed Motion for Summary Judgment, plaintiffs must submit a Response to defendants' renewed

motion within 21 days of defendants' filing of the renewed summary judgment motion.

Defendants may submit a Reply within 14 days of plaintiffs' Response.

**IT IS SO ORDERED.**

**Dated this 5th day of August, 2019, at Kansas City, Kansas**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**