IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KELLY WHITE, individually, as Co-Administrator
of the Estate of Dominique T. White, deceased,
and as Next Friend to minor grandchildren,
TUW, JSW, JKW, NCE, and MARY THERESA
WYNNE, as Co-Administrator of the Estate of
Dominique T. White, deceased,

                Plaintiffs,

    vs.                              Case No. 18-CV-4050-DDC-JPO

CITY OF TOPEKA, ET AL.,

                Defendants.

## <u>ANSWER OF MICHAEL CRUSE AND JUSTIN MACKEY<br>TO FIRST AMENDED COMPLAINT</u>

1.        All allegations of the First Amended Complaint not expressly admitted herein are denied.

2.        Paragraphs 1 and 2 are denied.

3.        Answering ¶ 3, defendants do not dispute subject matter jurisdiction.

4.        Paragraph 4 is denied.

5.        Paragraph 5 is admitted.

### <u>Answer to Parties</u>

6.        Defendants are without sufficient information to form a belief as to the truth of the allegations of ¶¶ 6 and 7 and, for that reason, deny those allegations.

7.        Answering ¶ 8, defendants admit that the City of Topeka is a Kansas municipality subject to service at 215 S.E. 7th Street, Topeka, Kansas.

8.      Answering ¶ 9, Officers Michael Cruse and Justin Mackey are officers employed by the City of Topeka Police Department who were acting within the scope of their employment in connection with their interactions with Dominique White.  The remaining allegations of ¶ 9 are denied.

### Answer to Facts

9.      Answering ¶ 10, defendants admit that on September 28, 2017, Dominique White was initially seen sitting at a picnic table in Ripley Park near Third and Lawrence in Topeka, Kansas.  Defendants have insufficient information to form a belief as to the truth of all other allegations of ¶ 10 which are therefore denied.

10.     Answering ¶ 11, Officer Cruse drove a patrol car onto the grass of the park toward the picnic table where Mr. White and a female were seated.  All other allegations of ¶ 11 are denied.

11.     Answering ¶ 12, upon noticing police officers in the area, Mr. White, who was a convicted felon illegally carrying a firearm which he had illegally discharged in the City park resulting in the "shots fired" call to which the officer were dispatched, attempted to evade officers by walking away and ignoring officers' requests to stop to talk.

12.     Paragraph 13 is admitted.

13.     Paragraph 14 is denied.  Officer Cruse interviewed the female from his patrol car, then drove to the location of Mr. White, reaching that location at approximately the same time as Officer Mackey.

14.     Paragraph 15 is admitted.

15.     Answering ¶ 16, after ignoring officers' commands, Mr. White finally stopped, assumed an unusual position in an effort to avoid detection of his illegal firearm.  Mr. White

responded to questions with false information, asserting that he had heard gunshots from a distant location and denying that he had a gun.

16.    Answering ¶ 17, Mr. White obeyed certain commands but disregarded others and gave false information to the officers. After Officer Cruse asked Mr. White about a suspicious bulge at the back of his waistband, when Mr. White reached for the area, Officer Cruse drew his gun to the low ready position but not pointed toward Mr. White and asked Mr. White to put his hands out in front of him.  Mr. White did, then lifted his T-shirt by pulling from the shoulder area to keep his hands away from the suspicious location, which alerted Mr. White not to reach toward his gun.

17.    Answering ¶ 18, Officer Cruse informed Mr. White he was not under arrest before learning that Mr. White was carrying an illegal concealed firearm.

18.    Answering ¶ 19, Officer Mackey saw the gun White had concealed in his left pocket and verbally alerted Officer Cruse.  Mr. White falsely denied that the object in his pocket was a gun.  With reasonable suspicion to detain Mr. White for further investigation of the shots fired call and probable cause to arrest him, and for officers' safety and Mr. White's safety, officers instructed White to lay down and attempted to control his arms as his left hand reached toward the pocket with the gun.

19.    Paragraph 20 is denied.  Officers had been polite, and concerned for Mr. White's condition.  Mr. White unreasonably appeared to be out of breath when encountered.  Officer Cruse had asked Mr. White if he was "all right" or if he needed an ambulance, which he denied. Officers gave Mr. White no reason to fear for his safety.  Rather, Mr. White who had recently been released from incarceration for commission of the crime of possession of a gun by a felon, feared arrest based on his knowledge that he was illegally carrying a gun.  When officers noticed

the gun, Mr. White said words to the effect of "I can't do this," resisted officers' efforts to control him, spun away and began to run while reaching for the gun in his pocket and looking back to target officer Mackey.

20.     Answering ¶ 21, both officers shot at Mr. White as held his shirt away from his pocket with his right hand, while reaching for the gun in his pocket with his left hand and looking back to target officer Mackey.  All other allegations of paragraph 21 are denied.

21.     Answering ¶ 22, one bullet grazed Mr. White's chest and two other bullets struck Mr. White in the back with one of the bullets causing his death.  The remaining allegations of ¶ 22 are denied.

22.     Paragraphs 23, 24 and 25 are denied.

23.     Defendants have insufficient information to form a belief as to the truth of the allegations of ¶ 26 which are, therefore, denied.

### Answer to Count 1 - § 1983 Excessive Force Claim Against Officers Cruse and Mackey

24.     Defendants incorporate their foregoing answer in response to ¶ 22 which is redundant of the preceding paragraphs of plaintiffs' Amended Complaint.

25.     Paragraphs 28, 29 and 30 are denied.

### Answer to Count 2 - § 1983 *Monell* Lack of Training Claim Against City

26.     Defendants incorporate their foregoing answer in response to ¶ 31 which is redundant of previous paragraphs of the First Amended Complaint.

27.     Paragraphs 32, 33, 35, 36, 37, 38, 39, 40 and 41 are denied.

28.     Answering ¶ 34, Officers Cruse and Mackey were acting under color of state law in investigating the shots fired call and in their encounter with Mr. White.

**Additional Defenses**

29.     Officers Cruse and Mackey are entitled to qualified immunity from plaintiffs'
claims.

30.     The actions of Officers Cruse and Mackey in their interaction with Dominique
White were objectively reasonable based on the totality of the circumstances, including their
knowledge that shots had been fired in the park, that Mr. White attempted to evade contact with
the officers, that Mr. White falsely denied that he carried a gun and engaged in suspicious
actions, that Mr. White had a gun concealed in his left pocket, which he continued to deny,
White's physical and verbal resistance to the officers, and action in reaching for his left pocket
with his left hand while holding his shirt out of the way of the pocket with his right hand and
looking back at the officers to target them.

31.     Plaintiff's First Amended Complaint, considered with the Axon body camera
video of the incident, establishes the absence of any colorable claim so that plaintiffs' First
Amended Complaint should be dismissed pursuant to F.R.Civ.P. 12(b)(6).

32.     Defendants deny that either plaintiff has any individual claim.

WHEREFORE, defendants request the Court to enter judgment on all claims asserted
against them by the First Amended Complaint and for their costs, fees and other appropriate
relief.

**DEMAND FOR JURY TRIAL**

Defendants demand all appropriate fact issues be tried to a jury.

Respectfully submitted,

/s/ J. Steven Pigg
J. Steven Pigg                                    #09213
David R. Cooper                                   #16690
FISHER, PATTERSON, SAYLER & SMITH, L.L.P.
3550 S.W. 5th St.
Topeka, KS  66606
(785) 232-7761 / (785) 232-6604 – fax
E-mail:   spigg@fisherpatterson.com
             dcooper@fisherpatterson.com
**Attorneys for Defendants**
**Michael Cruse and Justin Mackey**

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2019, I electronically filed the foregoing with the

clerk of the court by using the CM/ECF system which will send a notice of electronic filing to

the following:

Rick E. Bailey
CONLEE, SCHMIDT & EMERSON, LLP
200 W. Douglas, Suite 300
Wichita, KS 67202
rbailey@fcse.net
**Attorney for Plaintiff**

Andrew M. Stroth
Carlton Odim
ACTION INJURY LAW GROUP, LLC
191 North Wacker Drive
Chicago, IL 60606
astroth@actioninjurylawgroup.com
carlton@actioninjurylawgroup.com
***Pro Hac Vice* Attorneys for Plaintiff**

Mary R. (Shelly) Starr
Chief of Litigation
Nicholas H. Jefferson
Assistant City Attorney
CITY OF TOPEKA
Legal Department
215 S.E. 7th St., Room 353
Topeka, KS 66603
sstarr@topeka.org
njefferson@topeka.org
**Attorneys for Defendant City of Topeka**

I further certify that I mailed the foregoing document and the notice of electronic filing

by first-class mail to the following non-CM/ECF participants:  No one.

/s/ J. Steven Pigg
J. Steven Pigg