IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

KELLY WHITE, Individually, as Co-Administrator of the Estate of Dominique T. White, And as Next Friend of minor grandchildren TUW, JSW, JKW, NCW, and MARY THERESA WHYNNE, as Co-Administrator of the Estate of Dominique T. White,
      Plaintiffs,

v.

CITY OF TOPEKA, KANSAS, TOPEKA POLICE OFFICER MICHAEL CRUSE, OFFICER JUSTIN MACKEY and JOHN DOE OFFICERS 1-5,
      Defendants.

Case No. 18-4050 DDC/JPO

_____

## DEFENDANT CITY OF TOPEKA'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant City of Topeka ("Defendant City") answers the allegations in Plaintiff's Amended Complaint as follows:

1. Defendant City denies the allegations of Paragraphs 1-2.

2. In response to Paragraph 3, Defendant City admits this court has jurisdiction of federal questions.

3. Defendant City is without sufficient information to admit or deny the allegations contained in Paragraph 4 and therefore denies the same.

4. Defendant City admits venue is appropriate in this court and agrees with the designation of Topeka as the place of trial.

### PARTIES

5. Defendant City is without sufficient information to admit or deny the allegations contained in Paragraphs 6 and 7 and therefore denies the same.

White v. City, et al  
Def. COT Answer to Plaintiff's Amended Complaint  
18-4050 – DDC/JPO  
Page 1 of 4

6. Defendant City admits that the City of Topeka is a municipality organized under the laws of the State of Kansas, and that it has been served. The remaining allegations in Paragraph 8 are denied.

7. In response to Paragraph 9, Defendant City admits that Officers Cruse and Mackey are employed by the City of Topeka in the Police Department, and were acting within the scope of their employment. Defendant City is without sufficient information to admit or deny the remaining allegations and therefore denies the same.

## FACTS

8. Defendant City is without sufficient information to admit or deny the allegations contained in Paragraphs 10-18, and therefore denies the same.

9. Defendant City denies the allegations contained in Paragraph 19.

10. Defendant City admits that Dominique White ran from the officers. Defendant City denies the remaining allegations contained in Paragraph 20.

11. Defendant City denies the allegations contained in Paragraph 21.

12. Defendant City admits that at least two bullets hit Dominique White, causing his death. The remainder of the allegations in Paragraph 22 are denied.

13. Defendant City denies the allegations contained in Paragraphs 23-25.

14. Defendant City is without sufficient information to admit or deny the allegations contained in Paragraph 26, and therefore denies the same.

## Count 1 – 42 U.S.C. § 1983 Claim for Excessive Force

15. Defendant City re-alleges its responses to Paragraphs 1-26 as set forth herein and denies the same where applicable in response to Paragraph 27 of the Amended Complaint.

16. Defendant City denies the allegations contained in Paragraphs 28-30.

White v. City, et al
Def. COT Answer to Plaintiff's Amended Complaint
18-4050 – DDC/JPO
Page 2 of 4

## Count 2 – 42 U.S.C. § 1983 – Lack of Training

17. Defendant City re-alleges its responses to Paragraphs 1 through 30 as set forth herein and denies the same where applicable in response to Paragraph 31 of the Amended Complaint.

18. Defendant City denies the allegations contained in Paragraphs 32-33.

19. Defendant City admits that the officers were acting under the color of law. Defendant City denies the remaining allegations contained in Paragraphs 34-35.

20. Defendant City denies the allegations contained in Paragraphs 36-41.

## DEFENSES

For its defenses and for further answer, Defendant City states as follows:

1. Defendant City did not violate Plaintiff's constitutional rights, but if it did, Defendant City's policies and/or customs were not the moving force of any constitutional violation.

2. Based on the totality of the circumstances, Defendants' actions were objectively reasonable.

3. Defendant Officers were properly trained and acted accordingly. To the extent there is a determination that Defendant Officers needed more or different training, such need was not obvious, nor were policy makers deliberately indifferent to the need if one is found.

4. If Defendant Officers have qualified immunity, Defendant City is not liable as a matter of law.

5. Defendant City reserves the right to raise additional defenses that may be discovered through the course of these proceedings.

White v. City, et al  
Def. COT Answer to Plaintiff's Amended Complaint  
18-4050 – DDC/JPO  
Page 3 of 4

**WHEREFORE**, having fully answered, Defendant City prays that Plaintiff take nothing by their Amended Complaint and that Defendant City be granted judgment, for costs, fees and such other and further relief as the Court deems just and equitable.

Respectfully Submitted:

CITY OF TOPEKA

BY: /s/ *Shelly Starr*
Mary R. (Shelly) Starr, #12896
Chief of Litigation
Nicholas H. Jefferson, #25530
Assistant City Attorney
Legal Department
215 SE 7th Street, Room 353
Topeka, Kansas  66603
(785) 368-3883;
(785) 368-3901 (fax)
sstarr@topeka.org
njefferson@topeka.org
*Attorneys for Defendant City*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following: Rick E. Bailey, Andrew M. Stroth, Carlton Odim, J. Steve Pigg, and David Cooper.

/s/ *Shelly Starr*
Shelly Starr

White v. City, et al
Def. COT Answer to Plaintiff's Amended Complaint
18-4050 – DDC/JPO

Page 4 of 4